```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    JACKSON DIVISION


ROBERT ANTHONY                                        PETITIONER

VS.                           CIVIL ACTION NO. 3:04CV883-WHB-AGN

CHRISTOPHER EPPS, COMMISSIONER OF MDOC
AND JIM HOOD, MISSISSIPPI ATTORNEY GENERAL            RESPONDENTS
```

## OPINION AND ORDER

This cause is before the Court on Petitioner Robert Anthony's Motion for Relief From Judgment, which the Court analyzes under the standard of a motion for reconsideration. The Court finds that the Motion is not well taken and should be denied.

This case involves a Petition for Habeas Corpus Relief under 28 U.S.C. § 2254. Through an Order entered by Magistrate Judge Alfred G. Nicols on October 4, 2005, the following Motions were denied: (1) Petitioner's Motion for Expansion of Record; and (2) Petitioner's Motion for Evidentiary Hearing. Petitioner filed an Objection to Judge Nicols' Order on October 13, 2005, and the Objection was denied by the undersigned on November 15, 2005 (hereinafter "November 15 Order"). The subject Motion was filed on November 28, 2005. Through the Motion, Petitioner seeks reconsideration of the rulings in the November 15 Order.

Motions to reconsider are analyzed under Rule 59(e) of the Federal Rules of Civil Procedure. A judgment or order may be

altered or amended under Rule 59(e) if: (1) a need to correct a manifest error in law or fact exists; (2) the movant uncovered new evidence that was reasonably unknown prior to entry of the judgment or order in question; or (3) an intervening change in controlling law occurred. Schiller v. Physicians Res. Group, Inc., 342 F.3d 563, 567 (5th Cir. 2003)(citations omitted).  The United States Court of Appeals for the Fifth Circuit set forth the following additional factors to consider when entertaining such a motion: (1) the reasons set forth by the movant justifying consideration of evidence or arguments that the movant failed to present in the underlying motion; (2) the importance of the reconsideration of the underlying motion to the movant's case; (3) whether the reasons set forth by the movant justifying reconsideration were available to the movant before they responded to the underlying motion; and (4) the likelihood that the non-movants will suffer unfair prejudice if the motion is reconsidered. Sturges v. Moore, 73 Fed. App'x 777, 778 (5th Cir. 2003) (citing Ford v. Elsbury, 32 F.3d 931, 937-38 (5th Cir. 1994)).

    Litigants considering a Rule 59(e) motion have been "strongly cautioned" to carefully consider the grounds for such a motion. Atkins v. Marathon Le Torneau Co., 130 F.R.D. 625, 626 n.1 (S.D. Miss. 1990).  "Whatever may be the purpose of Rule 59(e), it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge." Id.

Having considered the subject Motion, as well as supporting and opposing authority, the Court finds that none of the conditions set forth in <u>Schiller</u> or <u>Sturges</u> is met in this case. Accordingly, the Motion for Relief From Judgment must be denied.

Based on the holdings presented above:

IT IS THEREFORE ORDERED that Petitioner Robert Anthony's Motion for Relief From Judgment (docket entry no. 34) is hereby denied.

SO ORDERED this the 14th day of December, 2005.

                                          <u>s/ William H. Barbour, Jr.</u>
                                          UNITED STATES DISTRICT JUDGE

tct