```
        IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                   JACKSON DIVISION
```

**ROBERT ANTHONY, #39552**                                      **PETITIONER**

**VS.**                              **CIVIL ACTION NO. 3:04CV883-WHB-JCS**

**CHRISTOPHER EPPS, ET AL.**                                   **RESPONDENTS**

## OPINION AND ORDER

This cause is before the Court on the Petitioner's Motion for Rule 52(b) Additional Findings of Fact and Alteration of the Final Judgment Pursuant to Rule 59(e).  Having considered the Motion, the Response and the Rebuttal, the Court finds that the Motion is not well taken and should be denied.

This case arises out of Anthony's conviction and sentence by the Circuit Court of Hinds County, Mississippi, for the crime of murder.  The trial occurred on May 21 through 23, 2001.  Anthony was subsequently sentenced to life imprisonment as a habitual offender, in the custody of the Mississippi Department of Corrections.  Anthony filed the subject Petition for Writ of Habeas Corpus (hereinafter "Petition") with this Court on October 27, 2004.

Regarding Anthony's Petition, Magistrate Judge James C. Sumner rendered a Report and Recommendation (hereinafter "R and R") on April 24, 2006, which was filed with the Clerk of the Court under

docket entry no. 46.  In the R and R, Judge Sumner found that Anthony's Petition should be denied, and that a Final Judgment should be entered dismissing this case with prejudice.  Anthony timely filed the subject Objection on May 18, 2006.  Through the Objection, Anthony argued that the conclusions reached by Judge Sumner in the R and R were erroneous.  The Objection was denied by the undersigned through an Opinion and Order dated June 9, 2006 (hereinafter "June 9 Opinion"), and filed with the Clerk of the Court on the same day under docket entry no. 47.  A Final Judgment dismissing this case with prejudice was also filed on June 9, 2006.

Aggrieved by the holdings in the June 9 Opinion and the dismissal of his case, Anthony filed the subject Motion on June 26, 2006.  The Motion is now ripe for consideration.

The first prayer for relief stated in the Motion is for additional findings of fact.  The fact findings were well stated by Judge Sumner in the R & R, and the R & R was adopted by the Court through the June 9 Opinion.  This request for relief is denied.

Anthony's second prayer for relief is for reconsideration of the dismissal of this case.  Motions to reconsider are analyzed under Rule 59(e) of the Federal Rules of Civil Procedure.  A judgment or order may be altered or amended under Rule 59(e) if: (1) a need to correct a manifest error in law or fact exists; (2) the movant uncovered new evidence that was reasonably unknown prior to entry of the judgment or order in question; or (3) an

intervening change in controlling law occurred. <u>Schiller v. Physicians Res. Group, Inc.</u>, 342 F.3d 563, 567 (5th Cir. 2003)(citations omitted).  The United States Court of Appeals for the Fifth Circuit set forth the following additional factors to consider when entertaining such a motion: (1) the reasons set forth by the movant justifying consideration of evidence or arguments that the movant failed to present in the underlying motion; (2) the importance of the reconsideration of the underlying motion to the movant's case; (3) whether the reasons set forth by the movant justifying reconsideration were available to the movant before they responded to the underlying motion; and (4) the likelihood that the non-movants will suffer unfair prejudice if the motion is reconsidered. <u>Sturges v. Moore</u>, 73 Fed. App'x 777, 778 (5th Cir. 2003) (citing <u>Ford v. Elsbury</u>, 32 F.3d 931, 937-38 (5th Cir. 1994)).

Litigants considering a Rule 59(e) motion have been "strongly cautioned" to carefully consider the grounds for such a motion. <u>Atkins v. Marathon Le Torneau Co.</u>, 130 F.R.D. 625, 626 n.1 (S.D. Miss. 1990).  "Whatever may be the purpose of Rule 59(e), it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge." <u>Id.</u>

In the Subject Motion for Reconsideration, Anthony cites no new law and presents no arguments that were not previously considered by the Court.  Having considered all of the factors set

forth in <u>Schiller</u> and <u>Sturges</u>, this Court finds that the Motion for Reconsideration should be denied.

Based on the holdings presented above:

IT IS THEREFORE ORDERED that Petitioner's Motion for Rule 52(b) Additional Findings of Fact and Alteration of the Final Judgment Pursuant to Rule 59(e) (docket entry no. 49) is hereby denied.

SO ORDERED this the 27th day of July, 2006.


                                    s/ William H. Barbour, Jr.
                                    UNITED STATES DISTRICT JUDGE

tct